**HE CHENG RIU, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 06–3849–ag.

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Michael B. Mukasey, Attorney General, Terri J. Scadron, Assistant Director, Corey L. Farrell, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

He Cheng Riu, a native and citizen of the People's Republic of China, seeks re-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as a respondent in this case.

view of a July 31, 2006 order of the BIA affirming the March 22, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Riu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re He Cheng Riu,* No. A78 317 503 (B.I.A. Jul. 31, 2006), *aff'g* No. A78 317 503 (Immig. Ct. N.Y. City Mar. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, upholding them unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary. *See, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with principle, but avoiding remand despite deficiencies in adverse credibility determination, based on confident prediction that IJ would adhere to decision upon remanded).

In *Shi Liang Lin,* a case decided after the agency decision in this case, this court held that persons whose spouses have been forced to undergo sterilization procedures or abortions are no longer automatically eligible for establish eligibility simply by relying upon his wife's alleged forced abor-tion. An alien may, however, demonstrate eligibility for asylum based on a claim of persecution for "other resistance" to the coercive population control program, *id.* (quoting 8 U.S.C.A. § 1101(a)(42)). We need not attempt to decide on the record before us whether Riu's refusal to pay fines incurred for violating China's population control policies, which purportedly led to a physical altercation with a population control official, constitutes the requisite "other resistance." Because we conclude that this case warrants remand on other grounds, that issue may be explored further in the first instance by the BIA.

We conclude that remand must be ordered because of flaws in the IJ's credibility analysis. First, to the extent that the IJ's adverse credibility finding was based on Riu's purported ability to obtain a resident ID card after Chinese authorities sought his arrest, the IJ appears to have misstated the record. Riu's resident ID card was issued on June 28, 2001, approximately one month before he went into hiding on July 26, 2001 to avoid arrest. In questioning Riu, the IJ seems to have confused the date of the alleged forcible abortion of Riu's wife with the date one month later of Riu's encounter with family planning officials. Because the record sequence of events cannot, in fact, constitute substantial evidence of adverse credibility, we must vacate and remand the BIA's decision for reconsideration, *see Ivanishvili v. United States Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006), absent other evidence that permits us confidently to conclude that the same result would be reached on further review. We cannot confidently reach that conclusion in this case because we identify a second record concern with the IJ's adverse credibility finding.

The IJ observed that Riu's wife and child still live in China without having been

"pressed for payment of the fine" and that his wife has not been "arrested or taken into custody by the authorities." In fact, Riu testified that, while his wife is still living at their home, birth control officials continue to harass her. Moreover, a second letter from Riu's wife, not referenced by the IJ, specifically asserts that after Riu left China, population control officials "often came to [their] home to make trouble[ ]." The IJ's failure even to acknowledge this evidence, much less to explain his reason for affording it little weight, raises a concern that it may have inadvertently been overlooked. *See Ivanishvili v. United States Dep't of Justice*, 433 F.3d at 337.

A third concern arises with respect to the IJ's finding that Riu's unhindered departure from China undermined his credibility. To the extent this conclusion was based on the IJ's observations about increased worldwide security measures after the September 11, 2001 attack on the World Trade Center in New York or on assumptions about interactions between different departments of the Chinese government, the "inferential leap" is insufficiently "tethered to the evidentiary record" to rise above the level of impermissible speculation. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir.2007); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d at 405 (holding that, absent record evidence, IJ must not speculate as to existence or nature of practices in foreign countries).

We acknowledge that the IJ also found Riu not to be credible based on a demeanor suggestive of reliance on a prepared script rather than actual experience. While we accord deference to this finding, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005), we cannot confidently predict that the agency would reach the same conclusion based only on this observation in the absence of the errors identified.

*See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d at 335.

We also acknowledge the IJ's identification of a possibly significant inconsistency about the location where Riu's wife was subjected to a forced abortion. To the extent Riu's own "other resistance" is inextricably linked to this abortion, his inconsistent testimony about the site of this particularly traumatic event might well cast doubt on his overall credibility. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 308 (2d Cir.2003). We note, however, that the record raises some concerns about the clarity of translation and comprehension on this point. While we generally defer to the IJ's resolution of such matters, *see Zhou Yun Zhang*, 386 F.3d at 73–74, on the record before us, we cannot confidently conclude that the same result will be reached on remand. This is not to suggest, however, that such a result is unwarranted; only that we must leave the matter to the agency.

For the foregoing reasons, the petition for review is GRANTED and the case is remanded for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).